OPINION OF THE COURT
Emily Jane Goodman, J.
The petitioner Louis Coccaro brings this CPLR article 78 proceeding for a judgment reversing and annulling the deter *949 mination by the respondent to revoke the petitioner’s Senior Citizen Rent Increase Exemption (SCRIE) retroactive to 1986.
The administrative determination made the following findings of fact and conclusions of law. In 1976 Angela Coccaro, age 80, and her son Louis Coccaro, age 55, applied for and received SCRIE benefits. Angela Coccaro died in 1985 and the benefits were transferred to Louis, then age 64. In 1986 SCRIE benefits were revoked because Louis was no longer income eligible. The revocation notice was allegedly mailed to Louis and to the building owner indicated on SCRIE files, but it appears that neither received the notices. The actual owner continued to charge Mr. Coccaro the portion of the rent previously authorized by SCRIE. In 1992 an audit revealed the over-claimed tax abatement. The owner was billed $22,036.80. The owner in turn billed Mr. Coccaro for the overclaim. Mr. Coccaro reapplied for SCRIE benefits, but was found income ineligible because the agency did not include in its calculation of income a long-term carryover loss shown on Mr. Coccaro’s tax return. There is nothing in the record to suggest that Mr. Coccaro intentionally misled the agency or misrepresented his eligibility.'
The petitioner makes the following arguments: he is entitled to a waiver of the SCRIE claim because the accrual was unintentional; the SCRIE program deprived petitioner of an opportunity to adjust his income for eligibility by failing to give notice of revocation of benefits; the loss from a senior citizen’s capital investment should be considered in determining income eligibility; and applying SCRIE’s formula, the petitioner was income eligible for the years 1988 and 1991.
In a mandamus review proceeding pursuant to CPLR article 78 the standard of review is whether the agency determination was arbitrary and capricious or affected by an error of law (Matter of Colton v Berman, 21 NY2d 322). Here, the agency’s interpretation of law imposes serious hardship on a senior citizen and denies SCRIE benefits to him even though he had received and counted on receiving the benefit for many years. As discussed below, the agency’s refusal to waive the claim in this situation contravenes the purpose of the SCRIE program.
RPTL 467-b and 467-c authorize a municipal corporation to enact SCRIE laws consistent with this enabling statute. The purpose of this legislation was to alleviate the severe impact of ever-increasing rental obligations upon low-income senior citizens by fixing their monthly rents at one third of their income. In this way, these senior citizens are protected against *950 erosion of funds available for other necessities, such as food, clothing, and medicine. Current eligibility requirements for the SCRIE program include a head of household who is 62 years of age or older, total household income not exceeding $15,000 per year and a rental obligation exceeding one third of household income.
Pursuant to this enabling legislation, the City of New York enacted three SCRIE statutes (local SCRIE laws), with each statute applicable to a particular type of rent-regulated apartment. The amended local SCRIE laws applicable to rent-controlled, rent-stabilized and Mitchell-Lama apartments can be found at Administrative Code of the City of New York, title 26, § 26-405 (m); §§ 26-509 and 26-601, respectively.
The local SCRIE laws do not roll back a tenant’s rent to one third of his income. Rather, following acceptance into the SCRIE program, the senior citizen tenant’s rent is "frozen”, and subsequent rent increases to which the landlord is entitled are recouped by the landlord from the City in the form of a dollar-for-dollar real property tax abatement. (RPTL 467-b [2], [6]; Administrative Code § 26-509 [b], [c].) In the past the Department of Housing Preservation and Development (HPD), and currently the Department for the Aging, provides the landlord with a tax abatement certificate and order, and the tax abatement is available to the landlord for the period covered by such SCRIE order. (Administrative Code § 26-509 [c] [3].) Each year HPD (now the Department for the Aging) notifies the Department of Finance of the total amount of taxes to be abated with respect to real property for which rent exemption orders were in effect for all or any part of the preceding calendar year. The Department of Finance then makes an appropriate adjustment in the real estate tax payable for that year. (Administrative Code § 26-509 [c] [4].) The landlord files a copy of its SCRIE orders with its real property tax payment.
SCRIE orders are renewable (RPTL 467-b [4]; Administrative Code § 26-509 [b] [6]), and it has been the SCRIE program’s policy and practice to send notices to participating tenants at the expiration of their SCRIE certificate requesting that they recertify their eligibility for the program and providing forms on which to do so.
The SCRIE program’s policy in cases of overclaims was explained by the former Commissioner of HPD, when that agency administered SCRIE benefits:
"the agency’s auditing of prior SCRIE orders and subsequent billing to landlords for excess SCRIE credits dating back years *951 has caused numerous eviction proceedings to be instituted against tenants and violates the due process rights of senior citizens.
"In accordance with their function, SCRIE auditors review the appropriateness of benefits paid by the SCRIE program. A review of our records does, on occasion indicate that the amount of tax credits received by an owner is in error.
"When an audit discloses erroneous benefits, HPD seeks to recoup the excessive payment. As noted in your letter, our recoupment efforts against an owner may have the result of an owner undertaking further recoupment efforts against the SCRIE tenant * * *
"Given the harsh, albeit unintended, impact upon the SCRIE tenant in those circumstances when we seek recoupment from the owner, we are prepared to screen our recoupment efforts, and, in effect, waive our claim as to those excessive SCRIE benefits which we determine to be unintentional and the result of an imperfect exemption/abatement certificate. Unless we determine that the payment of such benefits was the product of an intent to perpetuate a fraud on the City, we will forgo our recoupment efforts.” (Letter from Paul A. Grotty, Commr of Dept of Hous Preservation & Dev, Nov. 23, 1987.)
The instant case appears to fit squarely within the circumstances in which the policy explained by then-Commissioner Grotty should be applied. The Department for the Aging, which now administers SCRIE benefits in the City of New York, is seeking to recoup excessive SCRIE benefits that accrued as a result of HPD’s failure to properly notify the landlord of the termination of Mr. Coccaro’s SCRIE benefits and the subsequent acceptance of the now erroneous tax exemption/ abatement from the various landlords.
The issue is which party should absorb the loss. Despite the fact that Mr. Coccaro failed to annually apply for recertification, for which no notice or form was sent, technically rendering him ineligible for SCRIE benefits, SCRIE continued to grant tax abatements to the landlord. It appears that the landlord did claim the tax abatement even though he did not receive yearly tax abatement certificates from the City. If Mr. Coccaro’s failure to reapply for SCRIE benefits rendered him ineligible, then the City was in error for allowing the landlord to receive the tax abatements. Since SCRIE is authorized to issue tax abatements only upon the completion of the appropriate recertification procedures, SCRIE failed to adhere to the appropriate procedure for issuance of the tax abatements.
*952 If the agency’s overpayment claim is not waived, Mr. Coccaro will ultimately be forced to expend funds for rent dating back six years. Such a result obviously would impose a great hardship on Mr. Coccaro. The agency here seeks to place the burden of the mistake that occurred between the landlord and the SCRIE agencies upon the senior citizen tenant, the innocent party who is in need of the most protection. This court agrees with the opinion of the Hon. William McCooe in Dwyer v Department of Hous. Preservation & Dev. (index No. 41092/ 95), in which Judge McCooe granted the CPLR article 78 petition of a senior citizen from whom HPD sought to recoup back increased rent allegedly owed when she became ineligible for SCRIE.
As in this case, Mrs. Dwyer never received notice of her disqualification from SCRIE and the landlord continued to accept her reduced rent payments. Judge McCooe found that the agency’s order was "arbitrary and capricious and should be annulled. The real party in interest is the landlord and it should be barred from claiming rent arrears for the period in question by his billing and acceptance of the old rent for the period in question. The owner’s claim is where a person has received a benefit from another that person is liable only if the circumstances are such that between the two persons it would be unjust against good conscience for her to retain the benefit without payment. 50 N.Y. Jur. Restitution 7. Furthermore, the owner is barred by laches which sound in estoppel and is applied where the failure to assert a right has given rise to circumstances rendering it inequitable to permit its exercise after a long lapse of time. Kellogg v Kellogg, 169 A.D. 395. The tenant had the right to rely on the owner’s conduct and that of HPD is granting his exemption for the disputed period. It would be inequitable to subject a tenant to eviction for arrears when he was unaware it was due and owing and did not have the opportunity to budget his income to provide for the increased rent and now faces a judgment for the arrears. The tenant was blameless and any loss should be borne by the responsible party.”
In this case, too, where the landlord continued to claim the tax abatement, without receiving the certificates, it is arbitrary and capricious for the agency to look to Mr. Coccaro to pay the overclaim.
*953 Accordingly, the petition is granted to the extent of determining that Mr. Coccaro shall not be required to repay any SCRIE benefits previously paid on his behalf. There is an issue of fact as to whether he continues to be eligible for SCRIE benefits. This issue is remanded to the agency for a de novo hearing.
Ordered that the petition is granted.